## RUSSELL H. STEBBINS & another *vs.* BENJAMIN F. EDMANDS & others.

Under the Rev. Sts. *c.* 38, § 28, the officers of a manufacturing corporation cannot be made individually liable for its debts for making a false certificate that the capital stock has been paid in, unless it is wilfully false.

ACTION OF TORT on the Rev. Sts. *c.* 38, § 28, against the officers of the Lawrence Carpet Company, an insolvent manufacturing corporation, for knowingly making a false certificate under § 16, that the capital stock of that corporation, amounting to $130,000, had been paid in.

At the trial before *Merrick,* J., it appeared that only $40,000 of the capital stock was paid in in money, and that $100,000 was the estimated value of an exclusive license to use a patent right for an improvement in carpets, made to the corporation by Thomas Crossley, who was the inventor of the improvement, and a subscriber to the capital stock of the corporation to the

amount of $90,000, and who received from the corporation for the same $90,000 in stock and $10,000 in money. The plaintiff admitted that the defendants, when they signed the certificate, believed the right and interest acquired by the corporation under the indenture to be in fact worth $100,000. Upon these facts the presiding judge directed a verdict for the defendants, subject to the opinion of the whole court.

*C. Browne,* for the plaintiffs. 1. The capital stock was not paid in, within the meaning of the Rev. Sts. *c.* 38. The capital stock of a manufacturing corporation is a trust fund for the benefit and security of creditors, on' the credit of which the corporate liability is substituted for the liability of individual members. 2 Story on Eq. § 1252. *Wood* v. *Dummer,* 3 Mason, 308. *Spear* v. *Grant,* 16 Mass. 9. *Stedman* v. *Eveleth,* 6 Met. 120. *Bordman* v. *Osborn,* 23 Pick. 300. Angell & Ames on Corp. §§ 598–603 & cases cited. It must be money or money's worth, which can be reached and its value realized by the creditors. The interest of the corporation in this patent could not be assigned by or taken on execution against them, or pass to their assignees in insolvency. Hindmarch on Patents, 233, 234, 237, 242, 243. Curtis on Patents, § 198. *Duvergier* v. *Fellows,* 10 B. & C. 829. *Power* v. *Walker,* 3 M. & S. 9. *Gayler* v. *Wilder,* 10 How. 493. *Brooks* v. *Byam,* 2 Story R. 544. Com. Dig. Execution, C. 4. *Stephens* v. *Cady,* 14 How. 531. *Stevens* v. *Gladding,* 17 How. 451. *Denton* v. *Livingston,* 9 Johns. 99. *Handy* v. *Dobbin,* 12 Johns. 220. *Spencer* v. *Blaisdell,* 4 N. H 200, & cases cited.

2. The defendants knew, when they signed the certificate, that the capital stock was not paid in. The words in § 28, " knowing it to be false," are intended for the protection of those officers who are not cognizant of what constitutes the capital stock and in what it was paid in ; and refer only to knowledge of facts. If officers sign such a certificate, knowing that part of the stock consisted only of notes of stockholders, would they be protected by ignorance of the provisions of § 24 ? If not in that case, why in this ? The law releases the stockholders when the certificate is signed, whether true or false, and transfers the

responsibility to the officers.  *Stedman* v. *Eveleth*, 6 Met. 114. The officers should then bear the responsibility which they assumed.

This clause of the statute is remedial, and should be liberally construed to suppress the mischief and advance the remedy. *Neal* v. *Moultrie*, 12 Georgia, 104.  *Ferrett* v. *Atwill*, 1 Blatchf. C. C. 156.

*H. F. Durant & G. H. Preston*, for the defendants.

This case was decided in February 1860.

BIGELOW, J.  In order to charge the defendants in this action with the debts of the corporation under Rev. Sts. *c.* 38, § 28, it was necessary to show not only that the certificate made and signed by them, as directors, was false in some material representation, but also that the defendants knew it to be false.  This is made essential to their liability by the express terms of the statute.  It was not therefore sufficient to prove that the certificate did not contain the exact truth according to the strict legal interpretation of the statute.  It must be made to appear that it was wilfully false, that is, made intentionally with a purpose to deceive.  The *scienter* or guilty knowledge intended by the statute must be equivalent to *mala fides* in making the certificate.  The statute is penal in its character and is to be strictly construed.  Doubtless in many cases it would be competent and proper to infer bad faith and guilty knowledge from the fact that the statements or representations contained in the certificate were false.  But no such inference can be made in the present case.  It is admitted that the defendants, when they signed the certificate, believed the statements contained in it to be true.  It cannot therefore be said that they knew it to be false.

Without determining the question whether, according to the true interpretation of the statute on the facts in proof, the capital stock was ever paid in according to law, it is clear that the defendants are not shown to be liable for the debts of the corporation                                   *Judgment on the verdict.*